IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHRIS STEVEN FINK,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON,<br><br>Defendant. | CV 16-00108-H-DLC-JTJ<br><br>ORDER & FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Chris Fink, a prisoner proceeding without counsel, filed a Motion to Proceed in Forma Pauperis (Doc. 1) and submitted a proposed Complaint against Montana State Prison for allegedly keeping him in prison for 84 days past his discharge date. (Doc. 2.) The motion to proceed in forma pauperis will be granted, but the Complaint fails to name a proper defendant and fails to state a claim upon which relief may be granted. This matter should be dismissed.

I.  MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Fink submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma

1

pauperis will be granted. Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Fink must pay the statutory $350.00 filing fee. Mr. Fink submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it.). Mr. Fink will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Fink must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Fink is held to forward payments from Mr. Fink's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

### A. Standard

As Mr. Fink is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. §§ 1915, 1915A. These statutes require the Court to review a complaint filed in forma paueris and dismiss it or portions thereof before it is served upon the defendants if it finds that the complaint is

2

"frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* It must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice.").

**B. Analysis**

Montana State Prison, the only named Defendant in this action, is a state agency protected from monetary damages by immunity under the Eleventh Amendment to the United States Constitution. The United States Supreme Court

has interpreted the Eleventh Amendment to mean that absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court." *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). One exception to the general prohibition of the Eleventh Amendment is that it does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *Idaho v. Couer d'Alene Tribe*, 521 U.S. 261 (1997); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Fink, however, is not seeking prospective relief. (Doc. 2 at 7.) Montana State Prison is not a proper defendant. Therefore, Mr. Fink's Complaint is subject to dismissal but the Court must also consider whether an amendment to the complaint could cure the complaint's deficiencies. *Lucas v. Dep't of Corporations*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

Here it is clear that amendment could not cure the Complaint's deficiencies. Mr. Fink alleges that he was kept in prison 84 days past his discharge date. But in response to the question regarding what date the events giving rise to his claim arose he states, "84 days before 1/11/2009 Missoula, also 84 days before 5/2/2017

4

Lewis & Clark." (Doc. 2 at 6.) He then refers to an attached Montana Supreme Court opinion and states that he tried for five years to get jail credit but the prison would not give him the time he served in jail before he went to prison. *Id.* Finally he alleges that "Montana State Prison kept me 84 days past my Missoula County sentence. Now the prison is keeping me 84 days past my Lewis and Clark County sentence." *Id.*

According to the Montana Supreme Court decision attached to Mr. Fink's Complaint, he was convicted in October 2001 in Missoula County and received a five-year suspended sentence. In 2004, he admitted that he violated the conditions of his sentence and was sentenced to serve five years in Montana State Prison. In July 2008, Mr. Fink was sentenced in Lewis and Clark County to seven years in prison with five years suspended. This sentence was ordered to run consecutively with the Missoula County sentence. Mr. Fink discharged his Missoula County sentence on January 11, 2009, and began serving his Lewis and Clark County sentence. (Doc. 2-1 at 1.)

In May 2009, Mr. Fink filed a habeas petition claiming that he was entitled to 84 days credit for time served against his Missoula County sentence. The Montana Supreme Court found, however, that even if Mr. Fink was entitled to the 84 days credit for time served, those 84 days could only apply to his Missoula

County sentence which he had already discharged. The Montana Supreme Court held that the 84 days for which Mr. Fink sought credit were not applicable to his Lewis and Clark County sentence. (Doc. 2-1 at 2.)

The Ninth Circuit has held that prison officials, jailers, and wardens "charged with executing facially valid court orders enjoy absolute immunity from § 1983 liability for conduct prescribed by those orders." *Engebretson v. Mahoney*, 724 F.3d 1034, 1039 (9th Cir. 2013). Officials complying with orders are "performing functions necessary to the judicial process" by enforcing orders which require individuals to be detained. *Id.* at 1040 (*quoting Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003)). A prison official is expected to "act within his or her authority and strictly comply with the [facially-valid court] order." *Id.* at 1041. Thus, the immunity is referred to as quasi-judicial immunity. *Id.* at 1040. The immunity extends to the prison official's conduct in maintaining custody of an individual pursuant to a facially-valid order, i.e., the immunity extends to the "fact" of a prisoner's incarceration as prescribed in an order. *Engebretson*, 724 F.3d at 1041. Thus, there exists no independent duty imposed upon a prison official to investigate the legality of any particular order for an inmate's detention–there is "no authority requiring prison officials to review sentencing orders independently to make sure the court got it right." *Id.* at 1041 n.7 (*quoting Stein v. Ryan*, 662

6

F.3d 1114, 1119 (9th Cir. 2011)). If an official is complying with a facially-valid order, the official enjoys absolute immunity from liability for his or her conduct in detaining a person as directed in an order.

The Montana Supreme Court held that the 84 days credit for time served in the Missoula County Detention Center did not apply to Mr. Fink's Lewis and Clark County sentence. As he is no longer entitled to credit for those 84 days, he is being held pursuant to a facially valid order. Therefore, he cannot state a claim for relief under 42 U.S.C. § 1983 regarding the 84 days that he served between 1999 and 2004. The Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Fink's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed November 28, 2016.

3. At all times during the pendency of this action, Mr. Fink MUST IMMEDIATELY ADVISE the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

Further the Court issues the following:

## RECOMMENDATIONS

1. Mr. Fink's Complaint (Doc. 2) should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Mr. Fink's failure to state a claim.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Fink may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 16th day of December 2016.

    /s/ John Johnston
John Johnston
United States Magistrate Judge