FILED
JAN 09 2017
Clerk, U S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CHRIS STEVEN FINK,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON,<br><br>Defendant. | CV 16–108–H–DLC–JTJ<br><br>ORDER |

United States Magistrate Judge John T. Johnston entered findings and recommendations in this case on December 16, 2016, recommending that Plaintiff Chris Steven Fink's ("Fink") complaint be dismissed for failing to state a claim upon which relief may be granted. Fink filed a motion to amend or correct the complaint on January 9, 2017. (Doc. 6.) The Court will treat that motion as an objection to the findings and recommendations. Consequently, Fink is entitled to a de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left

-1-

with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

After granting Fink's motion to proceed in forma pauperis, Judge Johnston reviewed Fink's complaint under 28 U.S.C. § 1915. Section 1915 requires dismissal of a case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1985). A complaint filed by a *pro se* litigant is to be liberally construed and even if it is "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Judge Johnston concluded, and this Court agrees, that the deficiencies in Fink's pleadings cannot be cured and that dismissal is appropriate because Fink does not allege any viable claim. Fink contends that he is entitled to 84 days credit for time served under his Missoula County sentence. However, the Montana Supreme Court held that the 84 days for which Fink sought credit were not applicable to his Lewis and Clark County sentence. Thus, because Fink is currently serving time for his Lewis and Clark County sentence, he is no longer entitled to the 84 days credit for time served as to his Missoula County sentence,

which was already discharged. Further, having failed to specifically object to any of Judge Johnston's findings and recommendations, the Court reviews the record for clear error, and, finding none,

IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 4) are ADOPTED IN FULL. This case is DISMISSED WITH PREJUDICE. The Clerk of Court shall CLOSE this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Fink's Motion to Amend or Correct the Complaint (Doc. 6) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the Clerk of Court shall have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, that any appeal of this decision would not be taken in good faith.

DATED this 9th day of January, 2017.

*/s/ Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court